THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHANEEN H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, **Acting Commissioner of Social Security,** <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:22-cv-00440-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Shaneen H.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 13.

[2] 42 U.S.C. §§ 401-434.

[3] *Id*. §§ 1381-1383f.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various mental impairments. Plaintiff applied for DIB in October 2017[4] and applied for SSI in June 2018.[5] Plaintiff's applications were denied initially[6] and upon reconsideration.[7] On April 27, 2021, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[8] The ALJ issued a written decision on May 19, 2021, denying Plaintiff's claims for DIB and SSI.[9] Plaintiff appealed the adverse ruling, and, on May 6, 2022, the Appeals Council denied her appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] On July 1, 2022, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[12]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence,

---

[4] ECF Nos. 16-21, Administrative Record ("AR ____") 15, 219-20.
[5] AR 15.
[6] AR 15, 97, 103-06.
[7] AR 15, 110-12.
[8] AR 28-54.
[9] AR 12-27.
[10] AR 1-7.
[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.
[12] ECF No. 4.
[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

2

shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[20]

---

[14] 42 U.S.C. § 405(g).

[15] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[17] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[20] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[24] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[25]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[26] "If the claimant is able to perform [her] previous work, [she] is not disabled."[27] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[28]

---

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[22] *Williams*, 844 F.2d at 751.

[23] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).

[24] *Id.* §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[25] *Id.* §§ 404.1545(a)(2), 416.945(a)(2).

[26] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[27] *Williams*, 844 F.2d at 751.

[28] *Id.*

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[29] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[30] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[32]

## ANALYSIS

As an initial matter, the court addresses the procedural, organizational, and substantive inadequacy of Plaintiff's opening brief. From a procedural perspective, Plaintiff's opening brief fails to comply with several of the important requirements for an opening brief, which are provided in certain provisions of Fed. R. App. P. 28(a).[33] First, Plaintiff's opening brief does not contain "a statement of the issues presented for review."[34] Second, Plaintiff's opening brief does not include "a summary of the argument" with "a succinct, clear, and accurate statement of the arguments made in the body of the brief."[35] Finally, the portion of Plaintiff's opening brief

---

[29] *Id.*

[30] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[33] DUCivR 7-4(d)(1) (providing that "Fed. R. App. P. 28(a)(2), (3), (5)-(10) govern the Opening Brief" in an action seeking judicial review of a decision from an administrative agency).

[34] Fed. R. App. P. 28(a)(5).

[35] Fed. R. App. P. 28(a)(7).

devoted to argument does not contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which [she] relies."[36]

Due in large part to Plaintiff's failure to comply with those procedural requirements, her opening brief is poorly organized. Plaintiff's arguments are scattered throughout her opening brief, which makes it problematic for the court to decipher the precise issues she presents for review. For example, in the section of her opening brief that is purportedly devoted to summarizing the ALJ's decision, Plaintiff appears to present some cursory arguments. Then, in the section of her brief dedicated to argument, Plaintiff presents only legal standards.

Plaintiff's brief fares no better from a substantive perspective. Plaintiff's arguments are poorly developed and do not contain any meaningful analysis.[37] For that reason alone, the court could decline to consider Plaintiff's arguments.[38] However, as demonstrated below, even if the court considers the arguments Plaintiff appears to present, they fail.

---

[36] Fed. R. App. P. 28(a)(8)(A).

[37] Because the court acts as an appellate court in this case, it applies Tenth Circuit precedent related to inadequate briefing. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) ("A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure." (emphasis in original)).

[38] *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (declining to consider an argument that was not adequately developed and stating that the court "will not construct an argument" for the plaintiff); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (providing that the court should "consider and discuss only those . . . contentions that have been adequately briefed for . . . review"); *Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (declining to consider an argument because the plaintiff failed to support the argument "with any developed argumentation" and stating that "[w]here an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal" (quotations and citations omitted)); *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (concluding that "perfunctory complaints" that "fail to frame and develop an issue" are not "sufficient to invoke appellate review").

The only portion of Plaintiff's opening brief that the court can interpret as presenting specific issues for review is the conclusion, which asserts that the ALJ erred by: (I) failing to discuss the "well-established limitations of [Plaintiff]'s demons"; (II) failing to discuss the "opinions of all of [Plaintiff's] significant doctors"; and (III) "dismiss[ing] the opinion of [John C. Nelson, M.D. ("Dr. Nelson")]."[39] Each issue is discussed in order below.

I. **The ALJ Properly Considered Plaintiff's Alleged Mental Impairments.**

Plaintiff appears to contend that the ALJ erred by failing to properly consider Plaintiff's allegations about her mental impairments when assessing her RFC. When assessing Plaintiff's RFC, the ALJ was required to consider Plaintiff's subjective complaints about her mental impairments.[40] However, the ALJ was not required to accept Plaintiff's allegations as true.[41] Instead, the ALJ was obligated to assess Plaintiff's RFC based upon the entire record.[42] As part of that assessment, the ALJ had to consider whether Plaintiff's subjective complaints about her mental impairments were consistent with other record evidence.[43] That is exactly what the ALJ did. Indeed, the ALJ summarized Plaintiff's allegations about her mental impairments and, thereafter, concluded that they were inconsistent with medical reports, objective medical findings, and her statements to her own medical sources.[44] Therefore, the ALJ did not err by

---

[39] ECF No. 25 at 26 of 27.

[40] 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304.

[41] 20 C.F.R. §§ 404.1529(a), 416.929(a).

[42] *Id*. §§ 404.1545(a)(1), 416.945(a)(1).

[43] *Id*. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4).

[44] AR 18-22.

failing to properly consider Plaintiff's allegations about her mental impairments. To the contrary, the ALJ engaged in the precise analysis the relevant regulation requires.[45]

To the extent that Plaintiff argues that the ALJ should have reached a different conclusion about Plaintiff's alleged mental impairments, that argument must fail because it asks the court to reweigh the evidence, which is impermissible. The court does not reweigh the evidence before the ALJ.[46] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[47] Therefore, the court rejects Plaintiff's invitation to reweigh the evidence.

## II. The ALJ Properly Considered the Medical Opinions.

Plaintiff argues that the ALJ erred by failing to discuss the "opinions of all of [Plaintiff's] significant doctors."[48] However, the ALJ was not required to discuss every treatment note in the

---

[45] 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4).; *see also* SSR 16-3p, 2017 WL 5180304, at *2.

[46] *Madrid*, 447 F.3d at 790.

[47] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[48] ECF No. 25 at 26 of 27.

record.[49] Additionally, the treatment notes that Plaintiff asserts the ALJ failed to discuss[50] are cumulative of other treatment notes the ALJ discussed concerning Plaintiff's allegations about her mental impairments.[51] The ALJ did not err by failing to discuss that cumulative evidence.[52] For those reasons, Plaintiff's argument fails.

### III. The ALJ Properly Considered Dr. Nelson's Opinions.

Contrary to Plaintiff's cursory argument, the ALJ considered Dr. Nelson's opinions as required by the relevant regulation. Under that regulation, an ALJ is required to consider certain factors when evaluating medical opinions and prior administrative medical findings.[53] Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.[54] The most important factors for an ALJ to consider are supportability and consistency.[55] An ALJ is required to articulate only the consideration of the

---

[49] *Wall*, 561 F.3d at 1067 ("The ALJ is not required to discuss every piece of evidence." (quotations and citation omitted)); *Amy H. v. Saul*, No. 1:20-CV-00014-JNP-CMR, 2021 WL 1124866, at *3 (D. Utah Mar. 4, 2021) ("[T]he ALJ is not required to explicitly discuss every treatment note . . . ." (citing *Wall*, 561 F.3d at 1067)), *report and recommendation adopted*, No. 1:20-CV-00014-JNP, 2021 WL 1118050 (D. Utah Mar. 24, 2021).

[50] *See, e.g.*, AR 360-406.

[51] AR 18-20.

[52] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

[53] 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

[54] *Id*. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

[55] *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

9

factors of supportability and consistency.[56] An ALJ may, but is not required to, articulate the consideration of the remaining factors.[57]

The ALJ sufficiently articulated the factors of supportability and consistency when considering Dr. Nelson's opinions. The ALJ cited to specific evidence to support his conclusion that Dr. Nelson's opinions were neither supported by nor consistent with other record evidence, including some of Dr. Nelson's own treatment notes.[58] Because the ALJ's analysis complied with the relevant regulation, Plaintiff's argument fails.

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of May 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[56] *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

[57] *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

[58] AR 21-22.